IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terrance Griffin, | ) | C/A No. 0:16-3691-MGL-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Terrance Griffin, a self-represented state prisoner, filed this habeas action pursuant to 28 U.S.C. § 2254. This matter is before the court on petitioner's motion for appointment of counsel. (ECF No. 38.)

There is no right to appointed counsel in habeas cases. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995). Attorneys may be appointed for a person "seeking relief under section 2241, 2254, or 2255 of title 28" when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Counsel may be appointed when counsel is necessary for effective discovery and must be appointed when evidentiary hearings are required. See Rules Governing § 2254 Cases, Rules 6(a) & 8(c), 28 U.S.C. foll. § 2254. At this time, no evidentiary hearing has been set in this case and the questions presented are not so complex as to require an attorney to effectively argue them for the Petitioner. Accordingly, the petitioner's request for counsel to be appointed under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), is denied.

Petitioner's time in which to respond to the respondent's motion for summary judgment (ECF No. 25) is hereby extended to **July 11, 2017**. Failure to comply may result in dismissal of the

*PJG*

Petition for failure to prosecute.  Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 27, 2017
Columbia, South Carolina