

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| TERRANCE GRIFFIN,<br>Petitioner, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 0:16-03691-MGL-PJG |
| | § | |
| WARDEN PERRY CORRECTIONAL<br>INSTITUTION,<br>Respondent. | §<br>§<br>§ | |

### ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER
### DENYING PETITIONER'S MOTION TO APPOINT COUNSEL

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. Pending before the Court is Petitioner's Appeal of Magistrate Judge Decision (Appeal). ECF No. 43. In the Appeal, Petitioner contends the Magistrate Judge's Order, ECF No. 40, denying Petitioner's Motion to Appoint Counsel, is erroneous. Petitioner avers the Magistrate Judge's "denial of appointment of counsel deprives Petitioner/Plaintiff of fundamental fairness, and creates a major disadvantage." ECF No. 43 at 1.

When a party objects to a Magistrate Judge's pretrial order, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Under this clear error standard, the Court will reverse the Magistrate Judge's holdings only if it is "left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted).

As noted by the Magistrate Judge, there is no right to appointed counsel in habeas cases. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995). The Court may appoint an attorney for a petitioner if "the [C]ourt determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Having carefully reviewed Petitioner's Appeal, the Magistrate Judge's Order, the record, and the applicable law, the Court agrees with the Magistrate Judge that, at this juncture, the interests of justice do not require appointment of counsel for Petitioner. The Court is thus unable to say it is "left with the definite and firm conviction that a mistake has been committed" by the Magistrate Judge. *Harvey*, 532 F.3d at 337. Consequently, the Court is also unable to hold the Magistrate Judge's Order, ECF No. 40, is clearly erroneous or contrary to law. As such, the Magistrate Judge's Order denying Petitioner's Motion to Appoint Counsel is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 10th day of July, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.