IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terrance Griffin, | ) | C/A No. 0:16-3691-MGL-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Terrance Griffin, a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment.[1] (ECF No. 25.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's

---

[1] The court observes that Griffin filed an appeal with the United States Court of Appeals for the Fourth Circuit regarding an order affirming the denial of appointment of counsel. (See Order, ECF No. 44.) Accordingly, the court must determine whether it has jurisdiction to adjudicate the respondent's motion for summary judgement in light of Griffin's appeal. "[W]hile the filing of a notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal [,]' the district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order." United States v. Jones, 367 F. App'x 482, 484 (4th Cir. 2010) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)); accord 16A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3949.1 (4th ed.) ("The weight of authority holds that an appeal from a clearly non-appealable order fails to oust district court authority; older cases holding to the contrary have been rejected.") (footnotes omitted). Here, Griffin appealed a non-final order for which no right to appeal has been triggered. Moreover, Griffin did not obtain a certificate of appealability from this court to pursue an appeal from an interlocutory or collateral order. See, e.g., Poux v. FCI Bennettsville SC, 418 F. App'x 157 (4th Cir. 2011) (dismissing appeal of order staying discovery for lack of jurisdiction because the order was neither a final order nor an appealable interlocutory or collateral order). Accordingly, the court retains jurisdiction over this matter.

motion. (ECF No. 27.) Griffin filed a response in opposition (ECF No. 46), and the respondent replied (ECF No. 47). Having carefully considered the parties' submissions and the record in this case, the court finds that Griffin's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Griffin was indicted in April 2008 in Charleston County for murder (2008-GS-10-1102). (ECF No. 26-1.) Griffin was represented by W. Ted Smith, Esquire, and on April 14, 2008 pled guilty to the lesser charge of voluntary manslaughter. (ECF No. 26-3.) The circuit court sentenced Griffin to thirty years' imprisonment.[2] (Id. at 35.)

Griffin timely appealed. (ECF No. 26-5.) On September 24, 2008, the South Carolina Court of Appeals dismissed Griffin's appeal for failing to show that an issue was preserved for appellate review as required by Rule 203(d)(1)(B)(iv) of the South Carolina Appellate Court Rules. (ECF No. 26-6.) The following day, the Court of Appeals received a motion from Griffin seeking additional time to provide the court with appealable issues. The Court of Appeals issued an order on October 20, 2008 denying Griffin's motion. (ECF No. 26-7.) Griffin did not file a petition for rehearing. The remittitur was issued on November 6, 2008. (ECF No. 26-8.)

Griffin filed a *pro se* application for post-conviction relief on May 15, 2009 ("2009 PCR"). (Griffin v. State of South Carolina, 2009-CP-10-3100, ECF No. 26-9.) On August 4, 2009, James D. Smith, Jr., Esquire was appointed as counsel for Griffin. (ECF No. 26-10.) The State filed a return. (ECF No. 26-11.) The PCR court issued an Order on February 11, 2010 dismissing Griffin's

---

[2] Griffin filed a motion for reconsideration of the sentence, which the circuit court denied. (ECF No. 26-4.)



PCR application with prejudice as being freely, voluntarily, and intelligently withdrawn. (ECF No. 26-12.)

Griffin filed a second *pro se* PCR application on January 10, 2014 ("2014 PCR"). (Griffin v. State of South Carolina, 2014-CP-10-161, ECF No. 26-13.) The State filed a return and motion to dismiss. (ECF No. 26-16.) On June 11, 2015, the PCR court filed a conditional order of dismissal, finding that Griffin's 2014 PCR application was untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45. (ECF No. 26-17.) Griffin filed a response to the conditional order. (ECF No. 26-18.) By order filed March 29, 2016, the PCR court denied and dismissed Griffin's 2014 PCR application with prejudice for the reasons stated in its conditional order. (ECF No. 26-20.)

Griffin appealed. By order filed May 5, 2016, the South Carolina Supreme Court dismissed Griffin's appeal, finding that Griffin had failed to show an arguable basis for asserting that the determination by the PCR court was improper, as required by South Carolina Appellate Court Rule 243(c). (ECF No. 26-22.) The remittitur was issued on May 23, 2016 and was filed with the Charleston County Clerk's Office on May 25, 2016. (ECF Nos. 26-23 & 26-24.)

Griffin filed the instant Petition for a writ of habeas corpus on November 14, 2016. (ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing

Page 3 of 11

*PJG*

to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

*PJG*

B. **Statute of Limitations**

The respondent argues that Griffin's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). Because Griffin filed a direct appeal, his conviction became final on November 4, 2008—the expiration of the time in which Griffin could have timely filed a petition for rehearing with the South Carolina Court of Appeals.[3] See Rule 221(a), SCACR (instructing that a petition for rehearing "must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court"); Gonzalez, 565 U.S. at 150 ("[B]ecause [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). Accordingly, the limitations period began to run on November 5, 2008, and expired November 4, 2009, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244

---

[3] Because Griffin did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Griffin filed his first PCR application on May 15, 2009. The period of limitations was tolled during the pendency of the PCR action, at which time Griffin had 174 days of statutory time remaining. Although Griffin filed a second PCR application on January 10, 2014, this application was filed after the expiration of the one-year limitations period under § 2244(d). Moreover, even if the 2014 PCR application had been filed before the expiration of the deadline, it would not toll the statute of limitations for the instant federal Petition because the PCR court dismissed it as untimely. See Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Therefore, Griffin's 2014 PCR application did not toll or revive the already expired statute of limitations for filing his federal habeas action, and his statutory deadline expired on August 4, 2010.

Griffin's federal Petition was filed on November 14, 2016[4]—over six years after the expiration of the statute of limitations.

**C.    Griffin's Arguments**

In response to the respondent's motion, Griffin filed an affidavit and memorandum in which he argues he is entitled to equitable tolling of the one-year statute of limitations. (Griffin Aff. ¶ 30, ECF No. 46 at 5.)

---

[4] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

PJG

To avoid application of the statute of limitations to the instant federal habeas corpus Petition, Griffin must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418 (citation omitted); see also Holland, 560 U.S. at 649. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (*en banc*) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Griffin has not established grounds for equitable tolling. The court observes that attorney misconduct that is beyond a garden variety claim of attorney negligence may present a basis for equitable tolling. See Holland, 560 U.S. at 651-52. Although Griffin avers in his response that his plea counsel, appellate counsel, and PCR counsel were ineffective in various ways, the allegations Griffin presents in this case do not warrant equitable tolling. Griffin appears to argue that his plea counsel's ineffectiveness during plea negotiations violated his Sixth and Fourteenth Amendment rights; that his appeal counsel's ineffectiveness caused his direct appeal to be dismissed; and that his PCR counsel's ineffectiveness caused his claims to not be preserved for review. However, Griffin

PJG

does not explain how any of these issues affected Griffin's ability to timely file his federal habeas petition. Accordingly, Griffin's conclusory allegations are insufficient to rise to the "extraordinary" instance described in Holland. Id. at 649-52.

Additionally, Griffin has failed to provide sufficient information to demonstrate that he has been pursuing his rights diligently to timely file a federal habeas petition. See id. at 649; Pace, 544 U.S. at 418-19 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court); Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."). Although Griffin argues that he will be deprived of "fundamental fairness" because he has not had an "opportunity to be heard" due to his direct appeal and PCR applications being dismissed, such arguments do not address how he has been diligently pursuing his rights to timely file a federal habeas petition during the extensive length of time between the conclusion of Griffin's 2009 PCR application and when his federal habeas petition was ultimately filed. (Griffin Aff. ¶ 30, ECF No. 46 at 5.) Griffin also cites to Jimenez v. Quarterman, 555 U.S. 113 (2009), in support of his argument that he is entitled to equitable tolling; however, the Jimenez Court held that when a petitioner is granted the right to file a belated direct appeal, the limitations period for the filing of a § 2254 petition begins anew. Notably, despite having the opportunity to do so, Griffin did not seek to file a belated direct appeal in either of his PCR applications. See White v. State, 208 S.E.2d 35 (S.C. 1974) (holding that where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues). Griffin provides evidence of his attempts in 2015 and 2016 to obtain a transcript of his 2009 PCR hearing; however, such evidence fails to demonstrate that he

Page 8 of 11

PJG

has been pursuing his rights diligently to timely file a federal habeas petition. Moreover, to the extent Griffin's response could be construed to argue that he is ignorant of the applicable statute of limitations, it is well recognized that ignorance of the law does not warrant equitable tolling. See Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotation marks and citations omitted); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, . . . claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness."); see also Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers.").

Accordingly, Griffin has failed to provide sufficient information to demonstrate that he has been diligently pursuing his rights sufficient to entitle him to equitable tolling, nor has he presented any extraordinary circumstances that would have prevented him from timely filing a federal habeas petition. See Holland, 560 U.S. at 649; Pace, 544 U.S. at 418-19; Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation.").

**RECOMMENDATION**

Based upon the foregoing, the court finds that Griffin's Petition was not timely filed and is therefore barred by the applicable statute of limitations. Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 25) be granted and Griffin's Petition dismissed as untimely. In light of the court's recommendation, Griffin's motion to subpoena witnesses should be denied. (ECF No. 42.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 25, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).