

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| TERRANCE GRIFFIN,<br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN PERRY CORRECTIONAL<br>INSTITUTION,<br>　　　　Respondent. | §<br>§<br>§<br>§　CIVIL ACTION NO. 0:16-03691-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING THE PETITION WITH PREJUDICE AS UNTIMELY**

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondent's motion for summary judgment be granted and the Petition be dismissed with prejudice as untimely. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

The Magistrate Judge filed the Report on August 25, 2017, but Petitioner failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court Respondent's motion for summary judgment is **GRANTED** and the Petition is **DISMISSED WITH PREJUDICE** as untimely. Petitioner's motion for issuance of subpoena is thus necessarily **RENDERED MOOT**.

The governing law applicable to certificates of appeals provides "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A petitioner satisfies this standard by demonstrating reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and any dispositive procedural ruling by this Court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case at bar, the legal standard for the issuance of a certificate of appealability is unmet. Therefore, to the extent a certificate of appealability is requested, the request is hereby **DENIED**.

**IT IS SO ORDERED**.

Signed this 14th day of September, 2017, in Columbia, South Carolina.

                                    s/ Mary Geiger Lewis  
                                    MARY GEIGER LEWIS  
                                    UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.